Mr. Justice Thacheii
delivered the following opinion.
I cannot agree with the chief justice in his interpretation of the 38th section of the statute of 1841, entitled “ An act to provide for the revenue of the state,” and which provides as follows : “ In making sales of lands, the collector shall not sell in any one lot, more than one eighth of a section, but if one lot will not sell for the amount of taxes due, and the costs and charges that shall have accrued, as many lots of that quantity may be sold, as will be sufficient to pay the amount due; and the collector may adjourn any such sale from day to day, if necessary.”
The first clause of the paragraph provides, that the collector shall not sell, in any one lot, more than one eighth of a section ; the last clause makes an exception to this general provision, which is, if one lot will not sell for the amount of taxes due, and the costs and charges which shall have accrued against the delinquent tax payer, as many lots of that quantity may be sold as will be sufficient to pay the amount due. The latter clause is a clear exception to the first. If a lot of eighty acres be offered, and will not sell for the amount of taxes due from the delinquent tax payer, the collector is not required to strike it off at whatever price may be offered, but it is regarded by the statute as unsold, for its language is, — “ if one lot will not sell for the amount of taxes due, &c.” The use of the auxiliary verb “ will,” always imports futurity, and denotes something not yet had or done, but still certainly to be had or done. The collector must endeavor to discover the desired fact, whether the lot will bring the amount due, and answer the expectation of the first clause by offering it for sale. Had the expression been, — “ if the lot do not sell for the amount of taxes due,” &c., it would then have conveyed the idea of accomplishment, completion, and bringing to an end, — in short, of an actual sale. The use also of the word “ if,” likewise implies a condition or contingency, and shows that the expectation of a fulfilment of the first clause, is uncertain, and presupposes 'that it may not occur, that the sale of one eighth of a section will liquidate the taxes due. The sentence in effect reads thus: — “ Give or suppose that this lot, upon being offered for sale, will not bring the *505 amount of taxes due,” &c., “then as many lots of that quantity may be sold,” &c. Now, the first lot cannot be sold at all, unless it be re-oifered with a second lot, and so on with more, until the taxes are made by the sale, which to my mind proves that the lots are to be sold collectively, in the given event, and not separately; for should there be no bid for the first lot, the state’s lien upon it for the taxes would be lost by the other construction.
In this case, the collector, in executing the law, offered one lot of eighty acres, and the bid for this lot not being enough to meet the amount of taxes due the state, he added another, and sold them together at one and the same sale. This course comports with my understanding of the proper mode of proceeding in the sale of land for taxes.
The collector, however, did not designate the particular eighth of a section first offered. By the sale of the two sections, the land sold became designated, yet, I still think the collector should have designated the first lot offered by him; and therefore I agree with the chief justice, that the judgment should be reversed.